UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In the Matter of the
Arbitration Between:

Lisa A. Smith,

Movant,

v.

MEMORANDUM OPINION
and ORDER
Civ. No. 00-984 (MJD/JGL)

Argenbright, Inc.

Respondent.

---

Mark J. Briol and William Carpenter, Briol & Associates, for and on behalf of Movant.

William L. Killion, Gray, Plant, Mooty, Mooty & Bennett, P.A., Daniel J. King and Jason H. Coffman, King & Spalding, for and on behalf of Respondent.

---

Movant, Lisa A. Smith, seeks an Order from this Court confirming a decision rendered by an independent accountant on December 22, 1999 Respondent Argenbright, Inc. Ms. Smith bases this motion on the Minnesota Arbitration Act., ("MAA"), Minn. Stat. § 572.08-5.72.30 and the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16. Ms. Smith thus seeks judgment from this Court in the amount of $3,050,502, plus interest.

BACKGROUND

In April 1999, Ms. Smith and Argenbright entered into a Stock Purchase Agreement ("SPA"), by which Ms. Smith sold Argenbright her interests in PIMMS



FILED 12/11/00
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Corporation and PIMMS LLC (collectively "PIMMS"). PIMMS is a business located in Plymouth, Minnesota, that provides merchandising services to national retail chains and manufacturers. The total purchase price was $65 million dollars - $61,750,000 was to be paid at closing and $3,250,000 deposited in an escrow account. SPA, Section 1.03.

Section 1.04 of the SPA provides for an adjustment to the purchase price following the determination of the "Final Shareholders Equity" – an item on the "Preliminary Closing Balance Sheet."

> (a) As promptly as practicable after the Closing, Seller and Buyer shall cause the Company to prepare, in conformity with generally accepted accounting principles ("GAAP"), . . . a balance sheet of the Company as of 11:59 P.M. on the Closing Date (the "Preliminary Closing Balance Sheet") and its calculation of the total shareholders and members equity of the company on a combined basis as of 11:59 P.M. on the Closing Date ("Final Shareholders Equity").

If the Final Shareholders Equity is determined to be less than $5 million dollars, the SPA provides that the purchase price is to be reduced by an amount equal to the difference between $ 5 millions dollars and the final Shareholders Equity. Section 1.04(d). If the Final Shareholders Equity is determined to be more than $ 5 million dollars, the purchase price is to be increased by the amount equal to the difference between the $ 5 million dollars and the Final Shareholders Equity. Section 1.04(e).

The SPA provides both the Buyer and Seller 30 days following the delivery of the Preliminary Closing Balance Sheet to notify the other of any dispute. Section 1.04(b). If the parties cannot resolve any dispute within 15 days, the dispute is to be resolved by a "mutually agreeable nationally recognized,

independent accounting firm . . .and such determination shall be final and binding on the parties." Section 1.04(c). This section further provides that "[t]he Final Closing Balance Sheet and the calculation of Final Shareholders Equity shall then be prepared by Buyer and Seller based on the determination of the Independent Accounting Firm." Id.

On June 4, 1999, the parties received the Preliminary Closing Balance Sheet. Carpenter Ex. 4. Pursuant to this document, PIMMS' total equity was calculated to be $8,675,844. Argenbright took the position that the Preliminary Balance Sheet should be adjusted downward in the amount of $936,000. Carpenter Ex. 5. Ms. Smith disputed Argenbright's suggested adjustments. Carpenter Ex. 6.

Because the parties could not resolve the dispute on their own, the matter was presented to Gregory Wolski of Ernst & Young. Carpenter Ex. 7. On December 22, 1999, Mr. Wolski determined that Argenbright was entitled to a downward adjustment of the equity in the amount of $625,342. This adjustment resulted in a Final Shareholders Equity determination of $8,050,502. Ms. Smith asserts that pursuant to Section 1.04(e), the purchase price is to be increased in the amount of $3,050,502. The SPA required that this payment be made within 10 days of the final determination. Yet, Argenbright has not paid such amount. As a result, Ms. Smith brings this motion to confirm the determination of Mr. Wolski.

Standard

Section 9 of the Federal Arbitration Act ("FAA") provides that a party to an arbitration proceeding may apply to the court for an order confirming the award.

A proceeding pursuant to Section 9 is intended to be summary and confirmation should only be denied if the arbitration award has been corrected, vacated or modified in accordance with the FAA. Taylor v. Nelson, 788 F.2d 220, 225 (4th Cir. 1986).

Argenbright does not move the Court for an Order vacating, correcting or modifying the arbitration award. Instead, it argues that this motion is governed by the FAA, not the MAA. Argenbright finds support for this argument in UHC Management Company, Inc. v. Computer Sciences Corporation, 148 F.3d 992 (8th Cir. 1998). In UHC, the Eighth Circuit held that a choice of law provision in a contract did not supplant the FAA, unless the parties to the contract specifically agree that state arbitration rules or state law apply. Id., at 996-998. In this case, the arbitration clause does not provide that state arbitration rules or law will govern the arbitration. Accordingly, Argenbright correctly asserts that the FAA, not the state arbitration rules or law, governs this motion to confirm.

Argenbright next asserts that Ms. Smith is not entitled to the relief she seeks under the FAA. In support of this argument, Argenbright cites to PVI, Inc. v. Ratiopharm GMBH, 135 F.3d 1252 (8th Cir. 1998). In PVI, the court noted that the FAA provides that a party to an arbitration agreement may apply to the court for confirmation "only if the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration." Id. at 1253. In the contract at issue in PVI, there was no provision that a judgment should be entered upon the award. Accordingly, the court held that the award was not enforceable under the FAA.

In this case, Section 1.04(c) of the SPA does not contain any language that judgment of a court may be entered upon the decision of neutral accountant, Mr. Wolski. As this Court is bound by the decisions of the Eighth Circuit, the Court finds that Ms. Smith is not entitled to a confirmation order under the FAA.

IT IS HEREBY ORDERED that Movant Lisa A. Smith's Motion to Confirm is DENIED.

Date: Dec. 11, 2000

Michael J. Davis
United States District Court